U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

FEB 19 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Butler | Civil Action No. 13-02959 |
| versus | Judge Richard T. Haik, Sr. |
| 21st Century Centennial Ins. Co. | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion for Summary Judgment filed by defendant, 21st Century Centennial Insurance Company ("21st Century"), [Rec. Doc. 14]. The fact that a motion is unopposed does not necessarily mean the movant should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). However, failure to file an opposition and statement of contested material facts requires the Court to deem the movant's statements of uncontested material facts admitted for purposes of the motion. *Local Rule, LR 56.2W.*

### I. Background

This insurance dispute arises from a May 3, 2013 motor vehicle accident in which plaintiff, Alicia Johnson Butler, while traveling in Iberia Parish, Louisiana, in

---

[1] Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to the Motion was February 9, 2015. *LR. 7.5.*

her 2012 Range Rover vehicle, hit a "drop off" in the roadway, lost control of her vehicle, sustained a tire blow out, and subsequently struck another vehicle. *R. 1; R. 14-4, Aff. Of Champagne.* At the time of the accident, plaintiff's Range Rover was insured by a policy issued by 21st Century which provided collision coverage ("the Policy"). *Id., Ex. 1; R. 14-5.* Plaintiff reported a collision and rental expense claim to 21st Century on the day of the accident, May 3, 2013.

Plaintiff filed this lawsuit against 21st Century on August 1, 2013 in the Fifteenth Judicial District Court, Iberia Parish, Louisiana. *R. 1.* The case was removed to this Court on October 30, 2013. *Id.* In her verified petition, plaintiff alleges that 21st Century has failed to respond to High End's supplemental invoices related to the repair of her Range Rover and is therefore in bad faith. Plaintiff alleges claims for property damage, personal injury, punitive damages and attorney's fees.

## II. Standard

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citing Fed. R. Civ. Proc. 56©). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Topalian v. Ehrmann,* 954 F.2d 1125, 1132 (5th Cir.1992). Once the movant meets that burden, the non-moving party must produce evidence sufficient to establish that there is a genuine issue of material fact in dispute. Id. Accordingly, a factual controversy exists when both parties

have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075. On summary judgment, factual controversies are resolved in favor of the non-moving party. *Id.*

Louisiana law authorizes penalties against an insurer that fails to pay claims within 30 days of a demand letter and written proof of loss, "when such failure is found to be arbitrary, capricious, or without probable cause...." *La.Rev.Stat. Ann. § 22:1892(B)(1)* (2009). The penalty is "fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." Before any penalties or fees can be imposed, the insured must prove that the insurer's failure to pay the claim was "arbitrary, capricious, or without probable cause." La. R.S. § 22:1892 is penal in nature and is to be strictly construed. *La. Bag Co. v. Audubon Indem. Co.*, 999 So.2d 1104, 1120 (La.2008).

### III. Analysis

Farmers Insurance Exchange is the owner of 21st Century. *R 14-4*. Carla Champagne, Sr. APD Claim Representative for Farmers Insurance Exchange, was and continues to be the property damage adjuster handling plaintiff's claim. *Id.* Champagne's affidavit, attached to the motion, *Id.*, as well as the Statement of Undisputed Material Facts, *R. 14-1*, provides the following factual information.

On May 7, 2013, Champagne personally inspected plaintiffs vehicle while it was being stored in a tow yard and completed a partial estimate.

On May 8, 2013, plaintiff advised Champagne that she had chosen High End Automotive, LLC ("High End") as the body shop where her vehicle was to be towed and repaired. 21st Century had no part in plaintiff's decision to use High End nor any relationship with High End what-so-ever.

On May 9, 2013, Champagne extended plaintiff's rental vehicle to May 20, 2013 in light of the fact that her vehicle was not delivered to High End until May 8, 2013. Also on May 9, Champagne issued a check to plaintiff and High End totaling $11,896.82 for repairs to the Range Rover.

On May 20, 2013, High End contacted 1st Century about the ongoing repairs on the Range Rover noting that the repairs could take awhile and a supplement would likely be necessary.

On May 21, 2013, 21st Century extended the insured's rental for a second time.

On May 24, 2013, 21st Century contacted High End and was advised that a supplement would likely be needed and the repairs would take another two weeks. Also on May 24, 21st Century approved the insured's rental vehicle for the maximum amount allowed under the Policy.

On June 14, 2013, High End contacted 21st Century and requested a formal reinspection of the vehicle.

On June 24, 2013, 21st Century reinspected plaintiff's Range Rover at High End and issued a supplemental estimate and payment totaling $3,286.98.

On August 2, 2013, High End contacted 21st Century about another reinspection due to issues with repairing the frame of the Range Rover.

On August 8, 2013, Champagne inspected the Range Rover vehicle at High End, contacted a Range Rover dealership in Texas and confirmed that the frame could not be repaired.

On August 9, 2013, due to the necessity of replacing the Range Rover's frame, Champagne issued a supplemental payment totaling $9,240.80.

On October 1, 2013, upon learning that plaintiff still did not have possession of the Range Rover, she visited High End to learn the status of the vehicle. She was advised that the frame ordered on August 8 was to be shipped from England to Memphis for an expected arrival date of November 27, 2013 and then would require another week to be delivered to High End. Champagne also learned that High End would not order the remaining parts until the week of November 27 because they did not have room to store them.

On February 28, 2014, Champagne contacted High End as to the status of the vehicle. She was advised that, at that time additional parts necessary to complete the repairs were on order.

On April 2, 2014, Champagne requested another status of the repairs to the vehicle and received an email from High End stating that High End had "mishandled the file" and a supplement would be forthcoming. *R. 14-4; R. 14-6.*

On April 23, 2014, Champagne issued a payment totaling $4,588.50 based on an invoice provided by High End.

On May 30, 2014, Champagne issued a payment totaling $1,650.23 based on a final inspection performed by High End which noted additional damages that required additional repair work.

The payments made under the collision provision of plaintiff's Policy for repair of her Range Rover total $30,633.33.

Since issuing its final payment in 2014, Champagne avers that 21st Century has not received any additional requests for supplemental payments, nor has it received

5

any estimates or reports noting that any additional funds are due under the collision provisions of plaintiff's Policy.

Champagne further states that, despite plaintiff's claim for her own personal injuries, plaintiff's Policy does not provide coverage for bodily injury or UM/UIM coverage available to plaintiff personally.

*IV. Conclusion*

Based on the foregoing unopposed factual account of this action, the Court will grant 21st Centennial Century Insurance's motion for summary judgment dismissing plaintiff's claims against it with prejudice.

				_____
				Richard T. Haik, Sr.
				United States District Judge